## RIDER et al. v. RADFORD.

(Court of Civil Appeals of Texas. · Ft. Worth. May 18, 1912. Writ of Error Denied by Supreme Court Oct. 16, 1912.)

1. TRESPASS TO TRY TITLE (§ 40*)—EVIDENCE OF PRIOR DEEDS.

Where plaintiff deraigned title through the W. Mercantile Company, he was entitled to introduce a deed from S. to B. & Co., and from the latter to the mercantile company in proof of his title.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 55–61; Dec. Dig. § 40.*]

2. TRESPASS TO TRY TITLE (§ 40*)—EVIDENCE.

Where plaintiff claimed title through a conveyance by a mercantile company to the R. Grocery Company, and it was undisputed that at the time of the conveyance defendant was a member of the mercantile company, and as such a party to the conveyance, the consideration for which was a credit of $2,500 on the indebtedness of the mercantile company to the grantee, the fact that the credit was not entered on the books of the grantee until after defendant had ceased to be a member of the mercantile company was immaterial; the rights of the parties being measured by the facts as they existed at the time of the conveyance.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 55–61; Dec. Dig. § 40.*]

3. APPEAL AND ERROR (§ 842*)—FINDINGS—CONCLUSIONS OF LAW—CONSTRUCTION.

A finding that a conveyance of the land in controversy from a grantor company to a grocery company was a bona fide sale of the property and not mere security was one of fact, or a mixed question of law and fact, and not a conclusion of law.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3316–3330; Dec. Dig. § 842.*]

4. VENDOR AND PURCHASER (§ 308*)—PURCHASE-MONEY NOTES—ENFORCEMENT.

Where a conveyance of land by a grantor company to a grocery company, in consideration of a credit on an indebtedness to the grantee, was a bona fide sale, and full title passed by a conveyance by the grocery company to defendant, notes executed for a part of the consideration of the latter sale were enforceable, either by the grocery company or by plaintiff, without reference to whether he had notice of defendants' occupancy of the premises.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 877–899; Dec. Dig. § 308.*]

Appeal from District Court, Taylor County; Thos. L. Blanton, Judge.

Action by J. M. Radford against A. T. Rider and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Ben L. Cox, of Abilene, and A. K. Doss, of Winters, for appellants. Kirby & Davidson, of Abilene, and Theodore Mack, of Ft. Worth, for appellee.

CONNER, C. J. [1] Inasmuch as appellee deraigned title through the Winters Mercantile Company, we think he was properly permitted to introduce the deed from Mrs. Lizzie Stewart to Brashear & Co. and from the latter company to the Winters Mercantile Company. Indeed, it is only through these conveyances that appellants themselves could show any title whatever other than that of the mere possession of the land claimed by them, as a homestead. Appellants' first and second assignments of error must therefore be overruled.

[2] If in truth the consideration for the conveyance from the Winters Mercantile Company to the J. M. Radford Grocery Company was a credit of $2,500 on the indebtedness of the former company, the fact that the entry of such credit on the books of the latter company was after and not before appellant A. T. Rider had ceased to become a member of the Winters Mercantile Company is wholly immaterial. The rights of the parties are to be measured by the facts as they existed at the time of the conveyance to the J. M. Radford Grocery Company, and it is undisputed that appellant at this time was a member of the mercantile company and as such was a party to the conveyance under which appellee claims. If the conveyance was made upon the consideration stated, it must be held to be operative whether any credit was ever entered upon the books. Appellants' third assignment is therefore overruled.

[3] The court's fourth finding to the effect that the conveyance from the Winters Mercantile Company to the J. M. Radford Grocery Company was a bona fide sale of the property therein described, as contradistinguished from a mere security, is clearly a finding of fact rather than one of law, or at least a finding upon a mixed question of law and fact, and the appellants' fourth assignment of error is accordingly overruled. Nor do we think the appellants' fifth assignment can be sustained. While the several transactions involved in this controversy seem to have been closely contemporaneous, yet the witness Booth distinctly testified to the effect that the deed from the Winters Mercantile Company to the J. M. Radford Grocery Company represented an independent and distinct transaction from that of the other proceedings, and was intended as a bona fide sale of the property, and not as a method of obtaining security for the $2,500 recited in the deed as the consideration. The witness who testified appeared to be disinterested at

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

the time of the trial, and the court having found in accordance with the testimony so stated, we cannot say that the finding is without evidence in its support. The fifth assignment must accordingly be overruled.

[4] The court's findings to the effect that the J. M. Radford Grocery Company was without knowledge of the occupancy of the premises in controversy are, in our view of the case, wholly immaterial. If the conveyance of the premises to the J. M. Radford Grocery Company was a bona fide sale, as the witness Booth testified it was and as the court finds, then full title passed, and the conveyance by the J. M. Radford Grocery Company to appellants was fully authorized, and, if so, the notes sued upon in this suit were enforceable either by the J. M. Radford Grocery Company or by appellee, irrespective of the question of whether appellee had or had not knowledge of appellants' occupancy of the premises. The seventh and eighth assignments are accordingly overruled.

The conclusions above noted render immaterial questions presented under other assignments. All will therefore be overruled, the court's findings of fact adopted, and the judgment affirmed.